**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ARTHUR WILLIAMS, JR.,

*Plaintiff,*

vs.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

*Defendant.*

Case No. 22-CV-2368-EFM

**MEMORANDUM AND ORDER**

Pro se Plaintiff Arthur Williams, Jr. filed a Complaint against Defendant Kilolo Kijakazi, the Acting Commissioner of Social Security ("Commissioner") on September 16, 2022, asserting a violation of his constitutional right to due process. Plaintiff is now before the Court with two motions for reconsideration (Docs. 16, 21) and an Application for Clerk's Entry of Default (Doc. 27). For reasons explained below, the Court denies all three requests.

## I. Background

Plaintiff alleges that he did not receive notice of the Social Security Administration's intent to end his supplemental security income benefits and health insurance. The Commissioner previously filed a motion to dismiss. After the Commissioner filed her motion, Plaintiff filed a

motion for default judgment. The Court denied both motions in separate orders.[1] The Court first denied the Commissioner's motion to dismiss, and thus the Commissioner had 14 days from that date to file a responsive pleading to Plaintiff's Complaint. Within that 14-day timeframe, the Commissioner requested an extension of time to file an Answer.

In a January 25, 2023 order, the Court denied Plaintiff's pending motion for default and granted the Commissioner's pending motion for extension of time. In that order, the Court explained that the Commissioner was not in default. The Court noted that the Complaint was served on September 30, 2022, and the Commissioner's motion to dismiss was filed on November 29, 2022—within the 60-day timeframe the United States had to file a responsive pleading. Accordingly, the Court denied Plaintiff's motion for default and extended the Commissioner's deadline to respond to February 22, 2023.

Several days later, Plaintiff filed a Motion for Reconsideration of the Court's January 25 order. Several weeks later, the Commissioner filed a response to Plaintiff's motion for reconsideration and a second motion for extension of time to file a responsive pleading. The Court granted this motion which gave the Commissioner until March 24.

Plaintiff filed another Motion for Reconsideration of the Court's order granting this extension of time.[2] The Commissioner subsequently filed a third motion for extension of time, which the Court granted, giving the Commissioner until April 7 to file an answer or other responsive pleading. The Court also noted that further extensions were unlikely to be granted.

---

[1] Judge Lungstrum was previously assigned to this case, and he denied the motion to dismiss. The case was subsequently transferred to the undersigned.

[2] The Commissioner did not file a response to this motion.

On April 7, 2023, the Commissioner filed a Motion to Dismiss. The Court struck the motion due to new District of Kansas rules allowing only a 15-page brief in support of a motion to dismiss. On April 10, the next business day, the Commissioner filed an Amended Motion to Dismiss.[3] Plaintiff then filed an Application for Clerk's Entry of Default.

## II. Legal Standard

The Court has discretion whether to grant a motion to reconsider.[4] The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[5] District of Kansas Rule 7.3 requires motions to reconsider to be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[6] Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[7]

---

[3] This motion is currently pending before the Court, but it is not fully briefed, and thus the Court will decide this motion in a separate order.

[4] *See Elephant Butte Irrigation Dist. of N.M. v. U.S. Dep't of the Interior*, 538 F.3d 1299, 1301 (10th Cir. 2008).

[5] *See Williams v. Akers*, 837 F.3d 1075, 1077 n.1 (10th Cir. 2016).

[6] *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citations omitted).

[7] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff appears pro se in this case. Thus, the Court liberally construes his pleadings.[8] The Court, however, is not an advocate for a pro se litigant.[9]

## III. Analysis

Broadly construed, Plaintiff's first motion for reconsideration asserts that the Court erred in finding that the Commissioner's motion to dismiss was timely. He asserts that the Commissioner's motion was untimely by at least seven days and thus the Commissioner was in default.[10] Plaintiff does not identify any valid reason for reconsidering the Court's order because the Court's previous determination that the Commissioner's motion to dismiss was timely was correct.

As to Plaintiff's second motion for reconsideration, he states that he is seeking reconsideration of the Court's order granting the Commissioner a second extension of time. Plaintiff, however, primarily complains about the case being reassigned from Judge Lungstrum to the undersigned. He claims that there was no reason or explanation why the case was reassigned, and that the Commissioner is trying to use her power to influence the outcome. Plaintiff states that the change of judge is an attempt to prejudice Plaintiff and requests that the case be "remanded" back to Judge Lungstrum.

First, the Court informs Plaintiff that the Commissioner did not have any input into the re-assignment of this case. Judge Lungstrum, as a senior judge, carries a reduced caseload.

---

[8] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.") (citation omitted).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] Plaintiff's motion reads more as a response to the Commissioner's motion for extension of time to file an answer.

Reassignment occurred because he already had a large caseload, and the case involves a civil constitutional question.

Next, to the extent that Plaintiff requests reassignment of this case back to Judge Lungstrum or another judge, he does not present a valid basis. Pursuant to 28 U.S.C. § 144, if a party requests a judge's recusal, the party must file an affidavit identifying facts sufficient to show bias or prejudice. In addition, 28 U.S.C. § 455(a) and (b)(1) provide that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." "The basic test is whether a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality."[11] Plaintiff did not file an affidavit nor identify any facts showing bias, prejudice, or lack of impartiality. And there are no facts present for which there are questions regarding the undersigned's bias or impartiality in this case. Accordingly, to the extent Plaintiff requests reassignment in his motion to reconsider, the Court denies his request.

Plaintiff also filed an Application for Clerk's Entry of Default Judgment. Construing his filing broadly, he appears to argue that the filing of the Commissioner's motion to dismiss is not a responsive pleading to his Complaint. In short, it is. Thus, Plaintiff is not entitled to an entry of default.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 21) is **DENIED**.

---

[11] *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995) (citations omitted).

**IT IS FURTHER ORDERED** that Plaintiff's Application for Clerk's Entry of Default is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of April, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE